1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Jane Anne Ritzenthaler; Richard Lyle)    No. CV 13-00182-PHX-FJM
     Ritzenthaler,                        )
10                                         )    **ORDER**
                 Plaintiffs,              )
11                                         )
     vs.                                   )
12                                         )
                                           )
13   Bank of America Corporation et al.,   )
                                           )
14               Defendants.              )
                                           )
15   _____    )

16

17
         This action arises out of an allegedly wrongful foreclosure of plaintiffs' property. On
18
     August 1, 2011, plaintiffs initiated an action in this court against Bank of America
19
     Corporation, Brian T. Moynihan, Bank of New York Mellon, N.A., and ReconTrust
20
     Company, N.A., contesting the trustee sale of their property ("Ritzenthaler I"). The amended
21
     complaint added Countrywide Home Loans as a defendant and alleged causes of action for
22
     quiet title, deceptive trade practices, wrongful foreclosure-set aside trustee sale, conspiracy
23
     to commit wrongful conversion, broken chain of custody, injunctive relief, and rescission.
24
     See Case No. 2:11-CV-01500-PHX-JAT, Doc. 25. On August 10, 2012 this court dismissed
25
     the case with prejudice ("Dismissal Order").
26
         Plaintiffs filed the current action in the Superior Court of Arizona in Maricopa County
27
     on December 21, 2012, alleging fraud, theft by deception, unfair business practices, and
28
     false/deceptive business practices. Plaintiffs also seek to stay execution and enforcement of

1    the Dismissal Order.  Defendants timely removed the action to this court and filed a motion

2    to dismiss (doc. 6).  On March 20, 2013, plaintiffs filed a belated 21 page response (doc. 9).[1]

3    Defendants timely replied (doc. 10) and plaintiffs filed a sur-response (doc. 11).  We also

4    have before us plaintiffs' motion for sanctions (doc. 12), defendants' response (doc. 18),

5    plaintiffs' motion to compel a proper accounting (doc. 13), defendants' response (doc. 16),

6    plaintiffs' motion to compel production of documents (doc. 14), defendants' response (doc.

7    17), and defendants' motion to strike the sur-response (doc. 15).

8           As an initial matter, we grant defendants' motion to strike plaintiffs' sur-response

9    (doc. 15) because LRCiv 7.2 allows only a motion, a response, and a reply.  Nevertheless,

10   the arguments in the sur-response do not change our resolution of defendants' motion to

11   dismiss.

12          Defendants contend that plaintiffs' claims are barred by the doctrine of claim

13   preclusion, which promotes the final resolution of disputes through court judgments by

14   preventing repetitive actions.  See Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning

15   Agency, 322 F.3d 1064, 1077 (9th Cir. 2003).  The doctrine applies whenever there is

16   identity of claims, a final judgment on the merits, and privity.  Id.  To determine whether

17   there is an identity of claims, we look to (1) whether interests established in the prior

18   judgment would be impaired, (2) whether substantially the same evidence is presented in the

19   two actions, (3) whether infringement of the same right is involved, and, most importantly,

20   (4) whether the two actions arise out of the same transactional nucleus of facts.  United States

21   v. Liquidators of European Fed. Credit Bank, 630 F. 3d 1139, 1150, 2011 WL 9730, *10 (9th

22   Cir. 2011).  Privity exists if there is a sufficient commonality of interest between the parties

     of the two actions.  Tahoe–Sierra, 322 F.3d at 1081.

23          Plaintiffs' present claims, which are based on the alleged impropriety of a trustee's

24   sale, fall well within the same transactional nucleus of facts as their previous claims in

25

26          [1] Because plaintiffs failed to timely respond to the motion to dismiss, we may grant
     the motion summarily.  See LRCiv 7.2(i) ("if . . . counsel does not serve and file the required
27   answering memoranda . . . such non-compliance may be deemed a consent to the denial or
     granting of the motion and the Court may dispose of the motion summarily").  Nonetheless,
28   we consider the merits of the motion and reach the same conclusion.

1   Ritzenthaler I.   The remaining factors do not weigh against a finding of identity, and

2   plaintiffs do not persuade us otherwise.   Moreover, because plaintiffs sued all of the same

3   defendants in both actions, there is privity between the parties.[2]   Finally, plaintiffs do not

4   dispute that a dismissal with prejudice is a final judgment on the merits.   See Stewart v. U.S.

5   Bancorp, 297 F.3d 953, 957 (9th Cir. 2002).   Because the three criteria for claim preclusion

6   are satisfied, plaintiffs are barred from re-litigating their prior action by alleging the present

7   claims. We grant defendants' motion to dismiss, and deny plaintiffs' discovery motions as

8   moot.

9        Defendants also argue that plaintiffs' attempt to appeal the dismissal judgment is time

10   barred and procedurally incorrect.   We agree.   We do not have appellate jurisdiction over

11   other district court rulings.

12        Plaintiffs' motion for sanctions is also procedurally flawed. Under Rule 11(c)(2), Fed.

13   R. Civ. P., a motion for sanctions "must be served under Rule 5, but it must not be filed or

14   be presented to the court if the challenged paper, claim, defense, contention, or denial is

15   withdrawn or appropriately corrected within 21 days after service." This "safe harbor"

16   provision is strictly enforced.   Holgate v. Baldwin, 425 F.3d 671, 678 (9th Cir. 2005).

17   Because plaintiffs did not comply with the "safe harbor" provision, we deny their motion for

18   sanctions.

19        **IT IS ORDERED GRANTING** defendants' motion to strike (doc. 15).

20        **IT IS FURTHER ORDERED GRANTING** defendants' motion to dismiss with

21   prejudice (doc. 6).   The clerk shall enter final judgment.

22   ...

23   ...

24   ...

25   ...

26   ...

27        [2] Although plaintiffs did not separately name Countrywide Home Loans as a
     defendant in this action, it is part of this action because it merged with Bank of America,
28   N.A. in April 2009.

1

2 **IT IS FURTHER ORDERED DENYING** plaintiffs' motion to compel a proper

accounting (doc. 13) and motion to compel production of documents (doc. 14) as moot, and

3 **DENYING** plaintiffs' motion for sanctions (doc. 12).

4 DATED this 22nd day of May, 2013.

5

6

7 Frederick J. Martone

Frederick J. Martone

8 Senior United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -